UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| DAWN MENOR, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Case No. 08 C 1370 |
| v. | ) |
|  | ) Judge Wayne R. Andersen |
| DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION, | ) |
|  | ) |
| Defendant. | ) |

## ANSWER OF THE UNITED STATES OF AMERICA

Defendant, the United States of America[1], by and through its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, hereby answers the complaint as follows:

### First Affirmative Defense

The acts or omissions alleged by plaintiff to have been committed by employees of the United States were not the proximate cause of any loss or damage to plaintiff.

---

[1] Plaintiff erroneously names the "Department of Homeland Security, Transportation Security Administration" as the defendant and seeks damages from that agency. The Transportation Security Administration is an agency of the United States. Under the Federal Tort Claims Act, the jurisdictional basis alleged by the Plaintiff for her cause of action against the federal defendant, the only party in interest is the United States. *See* 28 U.S.C. § 1346(b)(1). Consequently, this Answer is on behalf of the United States.

**Second Affirmative Defense**

The Federal Tort Claims Act, 28 U.S.C. § 2680(a), does not mandate a waiver of sovereign immunity for acts or omissions of non-TSA employees.

**Third Affirmative Defense**

Plaintiff's claims against the United States are barred because its agents and employees acted with due care in the exercise of a statute or regulation at all relevant times.

**Fourth Affirmative Defense**

Any damages demanded by plaintiff must be reduced by the amount of collateral source benefits, if any.

**Fifth Affirmative Defense**

Plaintiff is not entitled to an award of attorneys' fees. Attorneys' fees must be taken from any judgment or settlement and are limited to 25% of such judgment or settlement. 28 U.S.C. § 2678.

**Sixth Affirmative Defense**

Plaintiff is barred from recovery to the extent that plaintiff's contributory negligence exceeds defendant's negligence, if any.

**Seventh Affirmative Defense**

Plaintiff's recovery should be diminished in proportion to the amount of negligence attributable to Plaintiff.

**Eighth Affirmative Defense**

Plaintiff's recovery is limited to the extent she failed to mitigate her damages.

\*          \*          \*

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

1.      **Complaint**: This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et. seq. and this Court has jurisdiction under the provisions of 28 U.S.C. § 1346(b).

   **Response**: Defendant admits that plaintiff is suing defendant under the Federal Tort Claims Act and that this court has jurisdiction, but denies that defendant is liable to plaintiff.

2.      **Complaint**: Plaintiff is a citizen of the State of Florida. Defendant, Department of Homeland Security, Transportation Security Administration (hereinafter "TSA"), is a federal agency responsible for security and screening of passengers at airports nationwide, with its principal claims office in Arlington, Virginia. The matter in controversy exceeds, exclusive of interests and costs, the minimal jurisdictional sum specified in 28 U.S.C. §1332.

   **Response**: In response to the allegation in the first sentence of paragraph 2, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, denies the allegation. Defendant admits the allegation in the second sentence of paragraph 2. Defendant denies that the statute cited in the third sentence of paragraph 2 is applicable to the cause of action set forth in the complaint.

3.      **Complaint**: Plaintiff filed an administrative claim with defendant, TSA, on or about June 28, 2006. Defendant, TSA never sent by certified or registered mail a final written denial of plaintiff's claim as required under 28 U.S.C.A. § 2675(a). Because it has been more than six months since plaintiff has filed her administrative claim, plaintiff is now entitled to institute this action pursuant to 28 U.S.C. § 2675(a).

   **Response**: Admit.

4.      **Complaint**: Jurisdiction is proper pursuant to 28 U.S.C. § 1402(b). Venue is also proper under 28 U.S.C. § 1391 because plaintiff has suffered injury in the City of Chicago, County of Cook, State of Illinois.

   **Response**: Defendant admits the allegations in paragraph 4, except that defendant

lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "plaintiff has suffered injury" and therefore defendant denies that allegation as stated.

     5.    **Complaint**: On January 5, 2005, while plaintiff was an airline passenger proceeding through the security screening checkpoint at Midway Airport in Chicago, Illinois, operated and staffed by the TSA, defendant's employee and agent, Francisco Partida, was acting within the course and scope of his employment with defendant, TSA as security screener.

     **Response:**  Admit.

     6.    **Complaint**: On January 26, 2005, plaintiff, while at Midway Airport in Chicago, Illinois, was proceeding through the security screening process and metal detectors. At that time, TSA employee or agent, Francisco Partida, acting within the course and scope of his duties as an employee and agent of defendant, was handling the plastic screening trays adjacent to plaintiff and, without warning, dropped one or more loaded plastic trays onto the wrist, hand and arm of plaintiff, Dawn Pajowski Menor, causing serious and permanent injuries.

     **Response:**  Defendant admits the allegation in the first sentence of Paragraph 6. Defendant denies the allegation in the second sentence of Paragraph 6.

     7.    **Complaint**: At all times herein, defendant and defendant's agent or employee, Francisco Partida, owed plaintiff, Dawn Pajowski Menor, the following duties:
        (a) to refrain from careless conduct which could cause harm and injury to plaintiff;
        (b) to properly and safely screen plaintiff's personal belongings so as not to create a dangerous or harmful condition;
        (c) to properly train and supervise its employees to as not to harm plaintiff or other passengers;
        (d) to warn plaintiff and other passengers as to dangerous or hazardous conduct;
        (e) to carefully handle the plastic screening trays to avoid causing injury to passengers such as plaintiff subject to security screening; and
        (f) any other further duty which may be revealed through discovery.

     **Response:**  Deny.

     8.    **Complaint**: As a direct and proximate result of one or more of the above breaches of duty by defendant, through its agent, Francisco Partida, plaintiff, Dawn Pajowski Menor, was caused to sustain injuries to her hand, finger, wrist, and arm and was otherwise injured, was prevented from her normal gainful employment, suffered great pain of body and mind, and incurred expenses for medical attention and surgery.

     **Response:**  Deny.

In response to the allegation in the paragraph following paragraph 8 of the complaint, defendant admits that plaintiff seeks the relief requested, but denies that Plaintiff is entitled to such relief. Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

\*          \*          \*

WHEREFORE, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

**Date: May 12, 2008**

                    PATRICK J. FITZGERALD
                    United States Attorney


                By:     /s/ Eric S. Pruitt
                    ERIC S. PRUITT
                    Assistant United States Attorney
                    219 South Dearborn Street
                    Chicago, Illinois 60604
                    (312) 353-5496

Of Counsel:
Polly P. Skalaban
Transportation Security Administration
Department of Homeland Security

## CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**ANSWER OF UNITED STATES OF AMERICA**

were served on May 12, 2008 pursuant to the district court's ECF system.

                                      s/ Eric S. Pruitt
                                      ERIC S. PRUITT
                                      Assistant United States Attorney
                                      219 South Dearborn Street
                                      Chicago, Illinois 60604
                                      (312) 353-5496