UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DAWN MENOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08 C 1370 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | Judge Wayne R. Andersen |
| | ) | Mag. Sidney I. Schenkier |
| **Defendant.** | ) | |

## REPORT OF CONFERENCE OF THE PARTIES

1. Pursuant to Fed. R. Civ. P. 26(f), a conference was held on June 5, 2008. Participants to the conference were:

   Christopher Theisen* for plaintiff Dawn Menor; and

   AUSA Eric Pruitt* for defendant Department of Homeland Security, Transportation Security Administration.

2. Description of Claims.

   (a) Ms. Dawn Menor is pursuing a claim against the defendant for injuries she suffered at Midway Airport in Chicago, Illinois on January 26, 2005. At that time, Ms. Menor was waiting to proceed through the x-ray/screening process at line number five, when a TSA screener dropped a stack of at least five (5) trays on her left hand, causing injuries to her left hand and fingers. Plaintiff's claim is for injuries to her left hand and fingers which required surgical repair and ligament reconstruction performed on December 1, 2005 by Dr. Cynthia Harding of Naples, Florida. Ms. Menor underwent post-surgical physical therapy and continues to receive treatment from her surgeon. In fact, she is consulting with her surgeon on June 16, 2008 regarding the possibility of another hand surgery.

   (b) The Department of Homeland Security does not dispute that a Transportation Security Administration authority employee struck plaintiff's hand with a plastic screening tray while plaintiff was at Midway Airport on January 26, 2005. However, the Department of Homeland Security currently does not believe there is evidence that this action caused the injury of which plaintiff complains. Assuming *arguendo* that

        Mrs. Menor can establish causation, the Department of Homeland Security believes that some discovery is necessary to establish the extent of Mrs. Menor's injury, the basis for her lost wages claim and the extent to which she sought to mitigate her purported damages.

3.     <u>Prospects of Settlement</u>.

    (a)     Prior to filing this suit, Mrs. Menor pursued an administrative claim against the Department of Homeland Security. Mrs. Menor and the Department of Homeland Security had settlement discussions for nearly two years during the pendency of the administrative claim. During those discussions, Mrs. Menor sought $175,000 in damages. The parties exchanged counter-offers, with Mrs. Menor's final offer being $160,000 and the Department of Homeland Security making a final offer of $25,000. The parties discussed the prospect of settlement during the conference. The Department of Homeland Security currently is not prepared to make an offer of settlement beyond the $25,000 previously offered to Mrs. Menor. Mrs. Menor has declined defendant's most recent settlement offer of $25,000.00.

    (b)     The Department of Homeland Security is prepared to attend a settlement conference following the conclusion of discovery. The Department cannot meaningfully assess settlement of this case until it has fully reviewed Mrs. Menor's medical history, taking the deposition of Mrs. Menor and her treating physician, issued discovery regarding the basis for Mrs. Menor's lost wages claim, and consulted a medical expert regarding the nature and extent of Mrs. Menor's injury.

4.     <u>Pre-Discovery Disclosures</u>.

The parties will exchange by **June 23, 2008** the information required by Fed. R. Civ. P. 26(a)(1).

5.     <u>Discovery Plan</u>.

The parties jointly propose to the Court the following discovery plan:

    (a)     Discovery will be needed on the following subjects:

- Mrs. Menor's medical history;
- Mrs. Menor's treatment for the injury alleged in the complaint;
- The factual basis for Mrs. Menor's lost wage claim.

    (b)     All non-expert fact discovery to be completed by **September 23, 2008**.

  (c) Reports from retained experts under Rule 26(a)(2) due by **November 23, 2008**.

  (d) All retained expert depositions to be completed by **December 23, 2008**.

6. <u>Pretial/Trial Plan</u>.

  (a) Final Pretrial Order to be submitted by **February 23, 2009**.

  (b) The case should be ready for trial by **March 16, 2009**. At this time, the parties expect a trial in this case would take 2-3 days.

7. <u>Magistrate Consent</u>.

All parties are not willing to execute a consent to have all proceedings, including trial and entry of final judgment take place before a magistrate judge.

Date: June 13, 2008

          Respectfully submitted,

          By: <u>/s/ Christopher T. Theisen</u>
          CHRISTOPHER THEISEN
          Theisen & Roche, Ltd.
          2100 Manchester Road, Suite 201
          Wheaton, Illinois 60187
          (630) 871-9003
          ctheisen@trlawyer.com

          *Counsel for plaintiff Dawn Menor*

          PATRICK J. FITZGERALD
          United States Attorney

          By: <u>/s/ Eric S. Pruitt</u>
          ERIC S. PRUITT
          Assistant United States Attorney
          219 South Dearborn Street
          Chicago, Illinois 60604
          (312) 353-5496
          Eric.pruitt@usdoj.gov

          *Counsel for defendant Department of Homeland Security, Transportation Security Administration*